IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD LUEHRMAN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 10-2360-CM |

**MEMORANDUM AND ORDER**

Plaintiff Donald Luerhman brings this claim for negligent or willful bodily injury against defendant United States of America under 28 U.S.C. § 2671 *et. seq.*, the Federal Tort Claims Act ("FTCA"). Plaintiff's claim arises from a November 30, 2006 incident where plaintiff fell while on defendant's property. This matter is before the court on defendant the United States of America's Motion to Dismiss Complaint, or in the alternative, Motion for Summary Judgment (Doc. 9).

Defendant moves to dismiss plaintiff's claim for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1); for failure to state a claim under Rule 12(b)(6); and, alternatively, for summary judgment under Rule 56.

**I.      Factual Background**

In November 2006, plaintiff was employed as a security guard. It is unclear who employed plaintiff. Plaintiff contends he was employed by International Protective Services; defendant believes plaintiff was employed by Guardian/I.P.S. Security Company. Regardless of who employed plaintiff, he was providing security at the New Century Air Center ("Air Center"). As part of his duties,

plaintiff was required to open the center's gate before 6:00 a.m.  On November 29, 2006, ice and snow accumulated at the Air Center.  The following day, November 30, 2006, plaintiff fell on the ice and snow at the Air Center.   As a result of the fall, plaintiff suffered severe and permanent injuries.

## II.     Legal Standard

The existence of subject matter jurisdiction is a threshold issue.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  As the party invoking the court's jurisdiction, plaintiff bears the burden of establishing that federal jurisdiction exists.  *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).  "Because the courts of the United States are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction."  *Id*.  Motions to dismiss under Rule 12(b)(1) take one of two forms: (1) facial attacks and (2) factual attacks.  *Paper, Allied–Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).

A factual attack, as defendant makes here, goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction is based.  *Id*.  In such a situation, the court must look beyond the complaint.  *Id*.  "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000).

If the court determines that the resolution of the jurisdictional issue is intertwined with the merits, then the court must convert the Rule 12(b)(1) motion into a Rule 12(b)(6) motion or Rule 56 summary judgment motion.  *Paper, Allied–Indus.*, 428 F.3d at 1292.  "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."  *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

In the case before this court, plaintiff's substantive claim and the basis for this court's jurisdiction both rest in the Federal Tort Claims Act.  This court does not have subject matter jurisdiction over suits against the United States unless the United States waives sovereign immunity. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006).  The FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).  To determine jurisdiction the court must consider plaintiff's substantive claim—whether defendant is liable under Kansas law and thus under the FTCA.  Because the jurisdictional question is intertwined with the merits of the case, the court will treat defendant's motion as one for summary judgment.[1]  Further, the parties have relied upon evidence outside the pleadings and have addressed the motion as one for summary judgment.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

**III.    Discussion**

Plaintiff's FTCA claim depends on state tort law.  Thus, to determine whether this court has jurisdiction and whether plaintiff can prevail on his claims, the court must consider whether a private person would be liable to plaintiff under Kansas law.  *See Mahaffey v. United States*, 785 F. Supp. 148, 150 (D. Kan. 1992) (citing *Ewell v. United States*, 776 F.2d 246, 248 (10th Cir. 1985) ("Liability is determined under the law of the place where the alleged negligence occurred.")).  Defendant argues

---

[1] Defendant contends that the jurisdictional issue is not intertwined with the merits because there are no disputed facts, Doc. 10, at 12; however, plaintiff does dispute the facts as set out by defendant.

plaintiff cannot prevail for three reasons: (1) the exclusive remedy defense of the Kansas Workers Compensation Act ("the Act") prohibits plaintiff's claim; (2) the United States, as the landowner, is not liable in tort to the injured employee of an independent contractor covered by workers compensation; and (3) the Kansas Winter Storm Doctrine precludes plaintiff's claim.

### a. *Exclusive Remedy*

The exclusive remedy defense of the Act prohibits a worker from bringing a common-law negligence action against a private employer if the worker may recover benefits for an injury from the employer under the Act.  K.S.A. § 44-501(b); *Bright v. Cargill, Inc.*, 837 P.2d 348, 355 (Kan. 1992). The Act extends the defense beyond immediate employers to entities who are "statutory employers" under K.S.A. § 44-503(a).  *Hollingsworth v. Fehrs Equip. Co. of K.C.*, 729 P.2d 1214, 1217 (Kan. 1986).  The exclusive remedy defense is available to the United States if it falls within K.S.A. § 44-503(a).  *Mahaffey*, 785 F. Supp. at 150 (citing *Griffin v. United States*, 644 F.2d 846, 847 (10th Cir. 1981)).

K.S.A. § 44-503(a) reads as follows:

> Where any person (in this section referred to as principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the worker under the employer by whom the worker is immediately employed.  For the purposes of this subsection, a worker shall not include an individual who is a self-employed subcontractor.

To determine whether the work is part of the principal's trade or business, the court must consider the following two questions.

> (1) [I]s the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business?  (2) [I]s the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

*Hanna v. CRA, Inc.*, 409 P.2d 786, 789 (Kan. 1966).  If either question is answered affirmatively, the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Act.  *Id*.

Defendant argues that it is a statutory employer under *Hanna*.  But, plaintiff disputes material facts defendant relies on, namely whether plaintiff was an employee of defendant's contractor.  Relying on the allegations in the complaint, defendant asserts that plaintiff worked as a security guard for Guardian.  The complaint, however, does not specify who employed plaintiff.  And, in his affidavit, plaintiff states that he was not employed by Guardian, but instead he claims he was employed by International Protective Services Inc. of Danvers, Maryland from 2005 through November 30, 2006.  The parties clearly dispute this fact, and nothing in the record conclusively resolves the issue.  This fact is material because defendant argues it contracted for security at the Air Center with Guardian and relies on the Guardian contract to argue defendant is a statutory employer.  Defendant also contends plaintiff received workers compensation payments from Guardian.  But plaintiff denies this, claiming the workers compensation he received was from IPS.

Defendant strongly urges the court to find a de facto employment relationship between plaintiff and defendant.  But the record presented does not provide a clear picture of plaintiff's employment.  On the facts before the court, it cannot conclusively determine plaintiff's employee status.

Because material facts are in dispute, defendant's motion under the exclusive remedy defense is denied.

### b. Landowner Liability

Defendant argues that it is not liable to plaintiff under the theory set out by the Kansas Supreme Court in *Dillard v. Strecker*, 877 P.2d 371 (Kan. 1994). In *Dillard,* the court found that a landowner who engages an independent contractor, who is covered by workers compensation, is not liable for work-related injuries to employees of the independent contractor. 877 P.2d at 385−86. *Dillard* sets out policy reasons for its decision, many stemming from relationships between landowners and independent contractors and independent contractors and their employees. *Id.* at 385 (recognizing a landowner should not have greater liability to an employee of an independent contractor than the liability of the contractor to that employee; a landowner should not have greater liability to the employees of an independent contractor than the landowner has to the landowner's own employees; employees of an independent contractor are protected under the provisions of the workers compensation statutes; and a landowner who engages the services of an independent contractor pays directly or indirectly for the compensation coverage when the landowner contracts with the independent contractor).

At this stage in the discovery process, defendant's reliance on *Dillard*, and the other cases defendant cites, is premature. These cases, and their policy concerns, apply to *employees* of the independent contractor with whom a landowner has contracted. *Id.*; *McCubbin v. Walker*, 886 P.2d 790, 804 (Kan. 1994) (declining to decide whether to extend the *Dillard* holding to all instances involving independent contractors and their employees); *Herrell v. Nat'l Beef Packing Co.*, 202 P.3d 691, 694, 706 (Kan. Ct. App. 2009) (applying *Dillard* and its policy considerations to find that the landowner was not liable under a negligence theory to the employee of an independent subcontractor).

As discussed above, plaintiff's employment status is unclear on the record presented. For this line of cases to apply to plaintiff, he must be an employee of Guardian—a fact the parties dispute.

Defendant's motion under this theory is denied.

### c. Winter Storm Doctrine

Absent unusual circumstances, a business proprietor "does not breach the duty of ordinary care by not removing snow or ice from outdoor surfaces during a storm and a reasonable time thereafter." *Agnew v. Dillons, Inc.*, 822 P.2d 1049, 1054 (Kan. Ct. App. 1991); *Jones v. Hansen*, 867 P.2d 303, 311 (Kan. 1994) (recognizing that the *Agnew* rationale is supported by sound public policy). In *Agnew*, an ice storm was in progress and ice was accumulating in front of the store at the time plaintiff entered the store. *Agnew*, 822 P.2d at 1051. When the plaintiff exited the store he slipped on the ice. *Id*.

Defendant argues that it is not liable under the winter storm doctrine because the snow and ice fell after the close of business on November 29, 2006 and before the Air Center opened on November 30, 2006. But the factual and legal record is insufficient for the court to find defendant is entitled to judgment as a matter of law.

The record provides little evidence regarding the storm. The parties disagree when the storm ended on November 29, 2006. The record does not set out when the Air Center closed or when the maintenance person left for the evening. It is unclear how much snow fell on November 29, how much ice and snow had accumulated before the Air Center closed that evening, and whether the November 29 storm was intermittent or continuous throughout the day.

The cases defendant relies on apply the winter storm doctrine when the storm was in progress at the time of the weather-related injury. *Id.* at 1054 ("We are satisfied reasonable minds could not conclude either that the storm had ended or even that a reasonable time had passed after the cessation of the storm to activate [the store's] duty to remove the accumulated ice from the ramp."); *Hayes v. Kit*

*Mfg. Co.,* No. 98-3063, 1999 WL 969271, at *2 (10th Cir. Oct. 25, 1999) (finding the evidence presented insufficient disagreement over whether a winter storm was ongoing at the time of the accident). Further, defendant cites no cases discussing "reasonable time" after a storm to clear the snow and ice or whether there was "reasonable time" between the storm and accident in this case.

For these reasons, defendant's motion is denied.

**IT IS THEREFORE ORDERED** that United States of America's Motion to Dismiss Complaint, or in the alternative, Motion for Summary Judgment (Doc. 9) is denied.

Dated this 19<u>th</u> day of July, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**