IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DONALD LUEHRMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 10-CV-2360-CM-KGG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Donald Luehrman brings this claim for negligent or willful bodily injury against defendant United States of America under 28 U.S.C. § 2671 *et. seq.*, the Federal Tort Claims Act ("FTCA"). Plaintiff's claim arises from a November 30, 2006 incident where plaintiff fell while on defendant's property. Defendant moved to dismiss the complaint or, in the alternative, for summary judgment. The court denied defendant's motion on July 19, 2011, because plaintiff's employment status was unclear and precluded summary judgment under the exclusive remedy provisions of the Kansas Workers Compensation Act.[1] Defendant moves for reconsideration of the July 19, 2011 order pursuant to D. Kan. Rule 7.3(b) (Doc. 29). For the following reasons, the court denies defendant's motion.

A motion for reconsideration must be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice. D. Kan. Rule 7.3(b). Defendant argues for reconsideration because (1) new evidence conclusively establishes plaintiff's employment status and application of the statutory employer defense under the Kansas Workers Compensation Act, and (2) the court misconstrued defendant's argument in relation to the materiality of plaintiff's employment status.

---

[1] This opinion is limited to the facts and arguments relevant to defendant's current motion.

-1-

The new evidence relates to plaintiff's employment status, existed prior to defendant's original motion, and was in defendant's possession.  Defendant argues that this evidence only became relevant when plaintiff contested the identity of plaintiff's employer in opposing summary judgment.  Defendant fails to explain, however, why defendant was unable to locate these documents in the three weeks between plaintiff's opposition and the filing of defendant's reply.  *See Anderson v. United Auto Workers*, 738 F. Supp. 441, 442 (D. Kan. 1990) ("A district court does not abuse its discretion when it denies a motion to reconsider in the absence of a showing that the movant had exercised due diligence in attempting to produce the evidence offered in support of its motion where all of that evidence was in existence prior to the time of the original summary judgment motion.") (internal citations omitted).  Defendant also fails to explain why it did not utilize several procedural mechanisms that could have brought this evidence to the court's attention prior to the July 19, 2011 order (e.g., a motion for extension of time to file its reply, a motion to supplement the record).  Because defendant failed to offer a convincing justification for the delayed submission of these documents, defendant's first argument fails.

Defendant next argues that the court might have assumed the necessity of an express employment relationship even though an implied contract would be sufficient.  The detailed arguments that defendant presents regarding an implied contract are not mentioned in defendant's original briefing.  A motion for reconsideration is not an opportunity for a party to repackage arguments or present new arguments.  *See In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010) ("A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed.").  Therefore, the court will not reconsider its July 19, 2011 order on this ground.

Even if the court granted defendant's current motion, summary judgment would not be warranted.  Defendant has the burden of proving that the work being done by plaintiff at the time of injury is part of defendant's trade or business.  *See* K.S.A. § 44-503(a) (describing the concept of a statutory employer).  Defendant makes several general arguments regarding this issue but provides very little (if any) evidence regarding its trade or business.  *See, e.g.*, Doc. 10 at 14-15 (arguing *Hanna* criteria without citation to the record); *see also* Doc. 23 at 10-11.  The absence of these facts presents unresolved genuine issues of material fact and precludes summary judgment.  *See Izard v. United States*, 946 F.2d 1492, 1496–97 (10th Cir. 1991) (reversing summary judgment because evidentiary record was incomplete).

This case is in the relatively early stages.  Defendant will have another opportunity to move for summary judgment and include additional evidence.  *See, e.g.*, *Matthews v. United States*, 756 F. Supp. 511, 514 (D. Kan. 1991) (discussing affidavit describing Kansas Army Ammunition Plant); *Nofsinger v. United States*, 727 F. Supp. 586, 589 (D. Kan. 1989) (discussing exhibits indicating the mission of the Sunflower plant); *Easter v. Dep't of the Army*, No. 09-298, 2010 U.S. Dist. LEXIS 15493, at *2 (D. Okla. Feb. 18, 2010) (describing Army Regulation that evidences Army's responsibility to ensure necessary security measures to safeguard munitions).  Upon the proper evidentiary record, summary judgment under the exclusive remedy provisions of the Kansas Workers Compensation Act might be appropriate.

**IT IS THEREFORE ORDERED** that defendant's motion for reconsideration (Doc. 29) is denied.

Dated at this 27th day of September, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
