## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DONALD LUEHRMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 10-2360-CM** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff Donald Luerhman brings this negligence action against defendant United States of America under 28 U.S.C. § 2671 *et. seq.*, the Federal Tort Claims Act ("FTCA"). Plaintiff's claim arises from a November 30, 2006 incident where plaintiff fell while working on defendant's property. Defendant previously moved to dismiss the complaint or, in the alternative, for summary judgment. The court denied defendant's motion on July 19, 2011, because plaintiff's employment status was unclear and precluded summary judgment under the exclusive remedy provision of the Kansas Workers Compensation Act. (Doc. 9.) The court subsequently denied defendant's motion for reconsideration. (Doc. 38.) This matter is now again before the court on defendant's Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (Doc. 42). For the following reasons, the court grants defendant's motion.

I.       **Factual Background**

As set out in this court's previous orders, plaintiff was employed as a security guard at defendant's New Century Air Center at the Army Reserve Aviation Support Facility in New Century

Kansas ("ASF-New Century").  Plaintiff contends he was employed by International Protective Services ("IPS").  But plaintiff does not dispute that defendant contracted for security services with Guardian Security Company, and that Guardian was purchased by IPS.  IPS d/b/a Guardian entered a Novation Agreement transferring Guardian's contractual rights and liabilities to IPS.  Among these was the requirement that IPS d/b/a Guardian maintain workers compensation insurance for its employees.

Plaintiff's duties under the contract involved maintaining the security of the facility.  Per order of Michael Walsh, the Officer-in-Charge ("OIC") of ASF-New Century, plaintiff was required to open the center's front gate before 6:00 a.m.

On November 29, 2006, ice and snow accumulated at ASF-New Century.  The following morning, November 30, 2006, plaintiff went to open the gate and fell on the ice and snow.  As a result of the fall, plaintiff suffered severe and permanent injuries.  Plaintiff filed for and received workers compensation benefits from his employer, IPS.

## II.    **Legal Standard**s

Defendant moves to dismiss plaintiff's claim for lack of subject matter jurisdiction under Federal Rules of Civil Procedure 12(b)(1); for failure to state a claim under Rule 12(b)(6); and, alternatively, for summary judgment under Rule 56.

As the court has previously noted, there is a strong presumption against federal jurisdiction, and plaintiff bears the burden of establishing that federal jurisdiction exists.  *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).  Rule 12(b)(1) motions take one of two forms: (1) facial attacks and (2) factual attacks.  *Paper, Allied-Indus., Chem. & Energy Workers Int'l Union v. Cont'l Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005).  A factual attack, as defendant makes here, goes

beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction is based. *Id*. In such a situation, the court must look beyond the complaint. *Id*. "A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000). Where resolution of the jurisdictional issue is intertwined with the merits, then the court must convert the Rule 12(b)(1) motion into a Rule 12(b)(6) motion or Rule 56 summary judgment motion. *Paper, Allied-Indus.*, 428 F.3d at 1292. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995).

In this case, plaintiff's substantive claim and the basis for this court's jurisdiction both rest in the FTCA. This court does not have subject matter jurisdiction over suits against the United States unless the United States waives sovereign immunity. *Harrell v. United States*, 443 F.3d 1231, 1234 (10th Cir. 2006). The FTCA waives sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Both parties assert that the jurisdictional issue is not intertwined with the merits because there are no disputed facts. (Doc. 43 at 12; Doc. 50 at 20–21.) Although the court need not evaluate the underlying substantive negligence claims in order to resolve the jurisdictional issue, the determination of whether defendant is liable under Kansas law and thus under the FTCA is both a jurisdictional question and an aspect of the substantive claim. *See Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991); *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987). Furthermore, the parties have relied upon evidence outside the pleadings and have addressed the

motion as one for summary judgment.  The court will therefore treat defendant's motion as one for summary judgment.

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.  *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Id*. at 670–71.  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Id*. at 671 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see Adler*, 144 F.3d at 671 n.1 (concerning shifting burdens on summary judgment).  "To accomplish this, the facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."  *Adler*, 144 F.3d at 671 (internal citations and quotations omitted).  The nonmoving party cannot defeat a properly supported motion for summary judgment by relying on conclusory allegations; rather, the opposing party must come forward with significant admissible probative evidence supporting that party's allegations.  *Anderson*, 477 U.S. at 256.

**III.    Discussion**

Defendant argues plaintiff cannot prevail because the exclusive remedy defense of the Kansas Workers Compensation Act, Kan. Stat. Ann. 44-501 *et seq*. ("the Act"), prohibits plaintiff's claim. The court previously set out the applicable law, which the parties do not dispute.

The exclusive remedy defense of the Act prohibits a worker from bringing a common-law negligence action against a private employer if the worker may recover benefits for an injury from the employer under the Act.  K.S.A. § 44-501(b); *Bright v. Cargill*, Inc., 837 P.2d 348, 355 (Kan. 1992).  The exclusive remedy defense is available to the United States if it is a "statutory employer" within Kan. Stat. Ann. § 44-503(a).  *Mahaffey v. United States*, 785 F. Supp. 148, 150 (D. Kan. 1992) (citing *Griffin v. United States*, 644 F.2d 846, 847 (10th Cir. 1981)).

Kan. Stat. Ann. § 44-503(a) reads as follows:

> Where any person (in this section referred to as principal) undertakes to execute any work which is a part of the principal's trade or business or which the principal has contracted to perform and contracts with any other person (in this section referred to as the contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any worker employed in the execution of the work any compensation under the workers compensation act which the principal would have been liable to pay if that worker had been immediately employed by the principal; and where compensation is claimed from or proceedings are taken against the principal, then in the application of the workers compensation act, references to the principal shall be substituted for references to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the worker under the employer by whom the worker is immediately employed.  For the purposes of this subsection, a worker shall not include an individual who is a self-employed subcontractor.

Given the undisputed facts and the material now in the record, plaintiff was an employee of defendant's contractor.  No reasonable jury could conclude otherwise: the necessary employment relationship exists.

To determine whether the work plaintiff was performing is part of the principal's trade or business, the court must consider the following two questions:

> (1) [I]s the work being performed by the independent contractor and the injured employee necessarily inherent in and an integral part of the principal's trade or business?  (2) [I]s the work being performed by the independent contractor and the injured employee such as would ordinarily have been done by the employees of the principal?

*Hanna v. CRA, Inc.*, 409 P.2d 786, 789 (Kan. 1966).  If either question is answered affirmatively, the work being done is part of the principal's "trade or business," and the injured employee's sole remedy against the principal is under the Act.  *Id*.

Defendant argues that the security work plaintiff performed is inherent in and an integral part of the Army's business—fighting or being ready to fight wars.  Defendant offers evidence that a necessarily inherent and integral part of its business—indeed, its legally mandated duty—is maintaining the security of all military property—facilities, information, and equipment.  Army regulations contain requirements for protecting and securing weaponry, property, and information, and even for employment of civilian security guards.  Defendant suggests plaintiff was performing the duties of a sentry—providing security—and that this work is necessarily inherent in and an integral part of the Army's business.

Plaintiff does not contest that he was providing security, but takes issue with defendant's focus on the business of the Army as a whole as opposed to the business of ASF-New Century in particular.  Plaintiff asserts that at the time of his injury, the Reserve Unit based at ASF-New Century had been deployed to Iraq and at that time the "arms vault" at ASF-New Century was empty.  According to plaintiff, this fact suggests that all of the integral functions of the base were removed to Iraq, and that security was therefore not an integral part of the function of the base at the time.  Plaintiff's argument is unconvincing.  Plaintiff admits that items not sent to Iraq remained at ASF-New Century, and that civilian employees also remained at the base.  Plaintiff offers no evidence to suggest that the absence of the Reserve Unit and certain munitions rendered security at the property

-6-

unnecessary.[1]  In other words, plaintiff fails to controvert defendant's evidence that maintaining the security of the property and all facilities, information, and equipment therein is a necessarily inherent and integral part of the Army's—and/or ASF-New Century's—business.

The court turns to the second step of the inquiry: whether the work plaintiff performed would ordinarily have been performed by military personnel.  Defendant offers evidence in the form of reports from the Government Accounting Office noting that, although in the past the Department of Defense was discouraged from contracting for security guards at domestic installations, increased demands on the military created a demand for private security normally within the purview of military personnel.  Case in point, when the security contract for ASF-New Century temporarily lapsed in 2008, military personnel performed the guard functions previously performed by the contractor.  Defendant also points to the affidavit of Mr. Walsh, and to certain sections of the United States Code and the Code of Federal Regulations, in support.

In response to defendant's motion, and this assertion in particular, plaintiff offers his affidavit in which he states:

> I am familiar with [ASF-New Century] and have driven by the location since 1992 and started employment there in 1994.  That since at least 1992 I can confirm that private security guards have been employed at such facility to do the job that I performed.  Information that I have obtained makes me believe that private companies have provided such security for the entire period since the Army took over the facility in the 1970's [*sic*.]

(Doc. 50-1 at 1–2.)

Additionally, plaintiff swears that there were no entrance guards at Fort Hood when plaintiff was stationed there in the 1970s, and when he drove through Fort Riley in the 1990s there were no guards at the entrances.  The court concludes that these statements, even if true, fail to create a triable

---

[1] *Rivera v. U.S. Army Corps of Eng'rs*, 891 F.2d 567 (5th Cir. 1990), upon which plaintiff relies for support, is factually distinguishable from the instant case.

issue of fact for the jury as to whether the work plaintiff performed would ordinarily have been performed by military personnel.  *See Anderson*, 477 U.S. at 256 (the party opposing summary judgment must come forward with significant admissible probative evidence supporting that party's allegations).  The court finds that, based on the record before it, no reasonable jury could conclude that defendant was not plaintiff's statutory employer for purposes of Kan. Stat. Ann. § 44-503(a).

In a last-ditch effort to preserve his claims, plaintiff sets forth four ill-conceived arguments: (1) defendant is also plaintiff's direct employer—because the duty to open the gate arose from OIC Walsh's order rather than Guardian's contract with defendant—and is not subject to the Kansas Workers Compensation Act "by its own preemption"; (2) defendant is not subject to the Act due to its "overwhelming performance of interstate commerce"; (3) defendant is precluded from statutory employer status under Kan. Stat. Ann. § 44-503(a) and (g); and/or (4) according to *Herrell v. National Beef Packing Co.*, 259 P.3d 663 (Kan. 2011), "premises liability has not been addressed under the [Act]."  (Doc. 50 at 21.)  These arguments fail because they are not supported by applicable law.  Kan. Stat. Ann. § 44-506 (stating that the Act is applicable to work performed on federal property); 40 U.S.C. § 3172 (same; providing application of workers compensation laws to property of the United States); Kan. Stat. Ann. § 44-503(a) and (g) (*see* analysis, *supra*); *Herrell*, 259 P.3d at 746–47 (allowing negligence claim against third-party landowner who was not an employer under the Act, holding that landowner's duty of reasonable care extends to employees of independent contractor injured on its property, regardless of whether employee received benefits under the Act from employer).

The factual and legal record before the court mandates judgment for defendant, based on the exclusive remedy provision of the Kansas Workers Compensation Act and the FTCA.  Defendant's motion is granted and the complaint is dismissed with prejudice.  *See Redmon*, 934 F.2d at 1151;

*Wheeler*, 825 F.2d at 277.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Complaint, or in the Alternative, Motion for Summary Judgment (Doc. 42) is granted, and the complaint is dismissed with prejudice.

Dated this 26th day of June, 2012, at Kansas City, Kansas.

<u>**s/ Carlos Murguia**</u>
**CARLOS MURGUIA**
**United States District Judge**